**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BANK OF AMERICA,

    Plaintiff,

v.

ELEETRA MARTIN,

    Defendant.

Case No. 1:16-cv-252

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Defendant Eleetra Martin filed a "Notice of Removal" in combination with what appears to be a *pro se* complaint against Bank of America, as well as additional party-defendants identified in the caption as "CT Corporation System" and "Megan Linder Urban d/b/a Megan Janell Urban, Attorney at Law." Ms. Martin did not file the requisite filing fee of $400.00, nor did she formally move for leave to proceed *in forma pauperis*.

Nevertheless, consistent with the documents filed in this case and with a prior filing by Ms. Martin in Case No. 1:15-cv-797, Defendant Martin's filings are construed to seek to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. She has been granted *in forma pauperis* status by separate order. This matter is before the Court for a *sua sponte* review of the construed complaint to determine whether it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

**Construed Complaint**

Upon careful review, the undersigned finds that the construed complaint should be dismissed because Plaintiff fails to state any claim upon which relief many be granted. 28

U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the

allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, although the original state court complaint has also been filed in conjunction with the purported removal, (Doc. 3), Ms. Martin has filed documents that are reasonably construed as an attempt to file a new "complaint" against Bank of America.  Ms. Martin has identified herself as the "Counter-claimant" and Bank of America and others as "Wrongdoers/Defendants." (*See* Doc. 2-1). Other exhibits include an "Affidavit of Financial Statement," a "Notice of Removal," and a related State Court complaint filed against Ms. Martin by Bank of America.  (*See, e.g.*, Doc. 2, Exhibits 1-4, Hamilton County Municipal Case No. 15-cv-25598, a state court "Notice of Removal," a Civil Cover Sheet and Supplemental Civil Cover Sheet as well as other miscellaneous documents, all of which total 33 pages). The undersigned takes judicial notice of the fact that Ms. Martin filed a similar construed complaint in Case No. 1:15-cv-797, which also was captioned as a "Notice of Removal" from state court.

Just as the undersigned did in the prior case, the Court is construing the Notice of Removal as a complaint.   In her construed complaint, Ms. Martin claims to be a member of the Moorish National Republic and the Moorish Divine and National Movements of the World.  Martin's proposed complaint appears to assert that the Court has federal question jurisdiction and diversity jurisdiction.  Her grievances appear to arise out of collection proceedings instituted by Bank of America in Hamilton County Municipal Court.

3

Ms. Martin purportedly asserts that she is not obligated to repay her debt and/or be subjected to the state court collection action for multiple reasons, including that the Defendant(s) have failed to produce a "valid contract," because the "Wrongdoers/Defendants" have threatened and/or harassed her, because the Bank of America and other purported new defendants (in Martin's construed federal complaint) are "inducing fraud," and "involuntary servitude" against her, because Martin has no gold or silver coin to pay the debt, and because of her status as a "Moorish American National."

Ms. Martin's contentions lack merit. *See United States. v. Burris*, 231 Fed. Appx. 281 (4th Cir. 2007) (*per curiam*) (Michael, Traxler, Gregory) ("Counsel first notes that Burris 'only wanted to argue that the court lacked jurisdiction because of his status as a Moorish American National.' This claim is patently frivolous.")(internal citation omitted)*; United States v. Toader*, 2010 WL 4780362, *3 (7th Cir. Nov. 24, 2010) (*per curiam*) (C.J.Easterbrook, Wood, Tinder) ("Borlea argues that the federal courts lack subject matter jurisdiction over him …because he is a Native Asiatic Moorish National Citizen. This argument is frivolous.")(footnote omitted); *Mikell v. United States*, 2011 WL 830095, *1 n. 2 (S.D. Ga. Jan. 26, 2011) (George R. Smith, M.J.) ("His ... filing will also be disregarded as non-sensical, as it pivots off his declaration that he is a 'Moorish' descendant over whom the United States has no jurisdiction."), R & R adopted, 2011 WL 833550 (S.D. Ga. Mar. 3, 2011).

Further, the majority of Ms. Martin's construed complaint consists of factual allegations that are illogical and incomprehensible. The complaint provides no factual

4

content or context from which the Court may reasonably infer that Bank of America or anyone else violated Ms. Martin's rights. Filing suit against Ms. Martin in state court does not violate her rights. As Ms. Martin did in her prior attempt to remove a debt collection proceeding filed against her in state court by Discover Financial Services, she seeks to name the attorney who signed the state court complaint and a Columbus entity as additional "defendants," but there appears to be no viable basis for any federal claim against either.

### Improper Removal/ Remand to State Court

Finally, even if the Court incorrectly assumed that the "Notice of Removal" was in fact not a complaint but an actual Notice of Removal of the pending state case of *Bank of America, N.A., v. Eleetra S. Martin*, Case No. 15-cv-25598, such notice is patently deficient. The removal statute, 28 U.S.C. § 1446(a), requires a "short and plain statement of the grounds for removal." For the same reason that the construed complaint fails to assert any viable basis for federal jurisdiction and does not contain a "short and plain statement" of any federal claim, the Notice of Removal fails to comply with the removal statute.

Removal of a state court action on the basis of federal question jurisdiction is appropriate only if the suit could have been brought in federal district court as "founded on a claim or right arising under the Constitution, treaties or laws of the United States." *See* 28 U.S.C. §1441(b). However, there is absolutely no basis for federal jurisdiction over the complaint filed by Plaintiff Bank of America against Ms. Martin in state court. Under the "well-pleaded complaint" rule, a plaintiff is master of his claim and may avoid federal

removal jurisdiction by exclusive reliance on state law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, Ms. Martin may not invoke this Court's federal jurisdiction merely by asserting that one federal law or another will provide her with a defense. *See id.* at 393. Other than Ms. Martin's nonsensical and facially frivolous defenses or counterclaims, Bank of America's complaint relies exclusively on state law remedies and does not implicate any federal laws.

Additionally, 28 U.S.C. §1446(b) generally requires removal within 30 days of service of the initial pleading. State court records reflect that the initial filing in state court occurred on November 19, 2015. The instant Notice of Removal was filed in this Court on January 20, 2016,[1] Thus, removal appears to be untimely.

In sum, to the extent that Ms. Martins' pleading is construed as a new complaint, it fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. §1915(e)(2)(B). Alternatively, to the extent that a reviewing Court construes the pleading as a true Notice of Removal, the district court must remand based upon the lack of subject matter jurisdiction. See 28 U.S.C. §1447(c).

**Conclusion and Recommendation**

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief, or in the alternative, that this case be **REMANDED to Hamilton County Municipal Court** as improperly removed. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and

---

[1] It appears that the same document was filed in state court on January 19, 2016.

Recommendation would not be taken in good faith and therefore deny Defendant leave to appeal *in forma pauperis*.

                                                *s/ Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BANK OF AMERICA,

    Plaintiff,

    v.

ELEETRA MARTIN,

    Defendant.

Case No. 1:16-cv-252

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).